1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JUAN LUIS CARDENAS FLORES              No.  2:18-cv-2938-TLN-KJN PS

12
                         Plaintiff,
13                                          ORDER AND
        v.
14                                          FINDINGS AND RECOMMENDATIONS
    JOSE GUADALUPE FLORES OJEDA,
15

16                       Defendant.

17

18          Plaintiff Juan Flores, who is incarcerated and proceeds without counsel, commenced this

19  action and requested leave to proceed *in forma pauperis*.  (ECF Nos. 1, 2, 6.)[1]

20          A federal court has an independent duty to assess whether federal subject matter

21  jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

22  Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

23  to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

24  raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

25  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject

26  matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original

27  _____

28  [1] Upon a determination that plaintiff's action does not challenge the conditions of his
    confinement, the action was re-designated as a regular *pro se* case.

                                        1

jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States;" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

Liberally construed, plaintiff's complaint alleges that, on May 19, 2018, he was physically attacked by his cousin, defendant Jose Ojeda, resulting in plaintiff sustaining a fractured nose. Plaintiff seeks $100,000.00 in damages for physical and emotional harm, as well as payment for his medical treatment.

Although plaintiff's complaint appears to state some type of battery or personal injury claim against defendant, such a claim would be a state law tort claim over which this court does not have federal question jurisdiction. Nor does this court have diversity of citizenship jurisdiction, because both plaintiff and defendant are residents of California.

Therefore, the court lacks subject matter jurisdiction over the action and recommends that the case be dismissed. However, such dismissal should be without prejudice, allowing plaintiff to pursue any potential claims in state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 6) be denied without prejudice as moot.

3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: January 9, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE